UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7576 PA (BFMx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Reuven Levitt, et al. v. FCA US, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On September 12, 2024, the Court issued an order dismissing the Complaint filed by plaintiffs Reuven Levitt, Meredith Levitt, individually and on behalf of their two minor children, E.L. and N.L. ("Plaintiffs") against defendant FCA US, LLC ("Defendant"). (Docket No. 10.) Plaintiffs' Complaint alleged that the Court possessed diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), but the Court concluded that the Complaint failed to adequately allege that the parties were completely diverse.

Section 1332(a)(2) provides for diversity jurisdiction of a civil action where the amount in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state . . . ." The Complaint alleged that Plaintiffs were residents of Portugal and that Defendant was a citizen of the United States. However, because "a resident of a foreign country is not necessarily a citizen thereof," Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996), the Court found that Plaintiffs' allegations were insufficient to plausibly allege diversity jurisdiction under section 1332(a)(2). The Court dismissed Plaintiffs' Complaint with leave to amend to allege a basis for the Court's subject matter jurisdiction.

Plaintiffs filed their First Amended Complaint ("FAC") on September 14, 2024. (Docket No. 11.) Plaintiffs again rely on 28 U.S.C. §1332(a)(2) as the basis for the Court's subject matter jurisdiction. ("FAC" ¶ 14.) Plaintiffs now allege that Plaintiffs are all "resident citizen[s]" of Portugal and that plaintiffs Reuven and Meredith Levitt are also United States citizens. (FAC ¶¶ 8, 9.)

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7576 PA (BFMx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Reuven Levitt, et al. v. FCA US, LLC | | |

jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The FAC alleges that Plaintiffs are currently "resident citizens" of Portugal, that they moved to Portugal and have lived there since 2019, had traveled to the United States in July 2023 for business and to visit family, and had intended to return to Portugal after their vacation. (FAC ¶¶ 8, 18.) The FAC also alleges that after the August 7, 2023 accident at issue in this case that resulted in the loss of their personal belongings, Plaintiffs had to purchase basic necessities for the family "until they could return home to Portugal", and that they "finally flew home to Lagos, Portugal" on August 23, 2023. (FAC ¶ 38.)

Based on these allegations, the Court concludes that the FAC fails to plausibly allege diversity jurisdiction. First, although the FAC attempts to allege Plaintiffs' Portugese citizenship to comply with the requirements for alienage jurisdiction as set forth in section 1332(a)(2), only Plaintiffs' United States' citizenship is considered for purposes of establishing diversity jurisdiction. Matao Yokeno v. Sawako Sekiguchi, 754 F.3d 649, 655 (9th Cir. 2014) ("Our precedent directs us to consider only the American citizenship of a dual citizen for purposes of determining diversity") (citing Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir.1992)); see also Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008) ("We agree with the courts that have already decided this issue and hold that for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized. Because Smith is a United States citizen, her initial reliance on alienage jurisdiction was in error."). Simply stated, "an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which he resides so as to permit invocation of the alienage jurisdiction prescribed in 28 U.S.C. § 1332(a)(2) of the Judicial Code." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996) (citing 13B Wright–Miller–Cooper, Federal Practice & Procedure § 3621 (1984)).

Nor can an American national, living abroad, sue in federal court under 28 U.S.C. § 1332 unless that party is domiciled in a particular state of the United States. Coury, 85 F.3d at 248 (citing 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996)). Plaintiffs' own allegations establish that they were domiciled in Portugal – and not in the United States – at the time they filed this action. (FAC ¶¶ 8, 18, 38.) See Coury, 85 F.3d at 250 (noting that domicile typically requires physical presence in a location and an intention to remain there indefinitely); Kanter,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7576 PA (BFMx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Reuven Levitt, et al. v. FCA US, LLC | | |

265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

When a party is a "is 'a United States citizen, but has no domicile in any State,'" they are stateless for purposes of diversity jurisdiction under § 1332(a). La. Mun. Police Emps. Ret. Sys. v. Wynn, 829 F.3d 1048, 1056 (9th Cir. 2016) (quoting Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)).[1/]  Thus, Plaintiffs are considered "stateless" for diversity purposes, and their presence in this action "destroy[s] complete diversity required for federal jurisdiction." Id.; see also Lee v. American National Ins. Co, 260 F.3d 997, 1005 (9th Cir. 2001) ("a party who corresponds to none of § 1332(a)'s categories destroys original jurisdiction over a diversity case"); Brady v. Brown, 51 F.3d 810, 815 (9th Cir. 1995) (because a party was a United States citizen living in Mexico, he was neither a citizen or an alien under § 1332(a)(2) or (3), and his presence thus destroyed the complete diversity required for federal jurisdiction).  Plaintiffs raise no other basis for jurisdiction other than diversity of citizenship under 28 U.S.C. § 1332(a)(2). Accordingly, the Court dismisses this action for lack of subject matter jurisdiction.

A district court may grant leave to amend when it appears that subject matter jurisdiction may exist – even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party.").  Here, however, it would be futile to grant Plaintiffs leave to amend because based on their own allegations of domicile and citizenship, Plaintiffs are "stateless" and thus unable to establish diversity jurisdiction in this matter.  See Newman-Green Inc., 490 U.S. at 828-29 (concluding that the combination of a party's "stateless status" and "United States citizenship" destroyed diversity jurisdiction under section 1332(a)).  Accordingly, the Court dismisses Plaintiffs' Complaint without prejudice and without leave to amend.

IT IS SO ORDERED.

---

[1/]  In La. Mun. Police Emps. Ret. Sys, the court of appeals considered whether a "stateless" defendant destroyed diversity jurisdiction under 28 U.S.C. § 1332(a)(3) (providing for diversity jurisdiction among citizens of different States and parties who are citizens or subjects of a foreign state).  This same reasoning applies to cases alleging jurisdiction under §1332(a)(2) (providing for diversity jurisdiction for citizens of a State and citizens or subjects of a foreign state).  Newman-Green, 490 U.S. at 829.